This suit comes before the court on an order to show cause why defendant should not be decreed to be insolvent and a receiver appointed.
Complainant is the owner and holder of bonds of the face value of $10,000 out of a total issue outstanding of $114,000, all of which are secured by a trust mortgage to the New Jersey Title Guarantee and Trust Company, as trustee. Interest on these bonds was defaulted on July 15th, 1927, at which time the complainant asked that the trustee foreclose the trust mortgage which the trustee refused to do. Complainant contends that the defendant was insolvent and had suspended its business for want of funds to carry on the same at the time the bill of complaint herein was filed on April 17th, 1931.
The complainant's supporting affidavits on which the order to show cause was signed, contained numerous statements *Page 105 
showing a highly precarious condition of defendant, and which, if taken at their face value, would indicate that a receiver should be appointed. However, these affidavits do not fairly show the true conditon of defendant. Some of the statements of fact were withdrawn by complainant as being unwarranted, and certain others were explained or disproved to my satisfaction by the affidavits submitted in opposition.
The relevant facts, as I find them, are substantially as follows:
Defendant defaulted in the interest on its bonds in July of 1927, but subsequently in July of 1930, an arrangement was made whereby all the bondholders, including complainant, agreed to extend the time of payment of the bonds until the 15th day of July, 1931, which, it will be noted, is some three months subsequent to the filing of the bill herein. By this same agreement of July, 1930, the bondholders released certain assets from the lien of the trust mortgage which were sold, and the proceeds were distributed pro rata among the bondholders, so that the complainant received a payment of approximately $2,000 on account of its $10,000 worth of bonds.
Defendant was engaged in manufacturing silks, but finding this business unprofitable discontinued it, and at the time of the order to show cause was renting its properties.
Defendant's affidavits make out a strong case showing that it has no judgments against it, no suits pending except the present one, no pressing creditors, and that it has been meeting its maturing obligations. It is conceded that on a forced sale at the present time, the properties would not bring enough to pay the claims of the bondholders.
There are other factors which constrain me to deny the application for a receiver. None of the other creditors join with the complainant in asking for a receivership, and in fact one of the bondholders, holding approximately one-third of the total issue, makes an affidavit completely approving the manner in which the officers of defendant are conducting its affairs, and asking that these officers be continued in its management as being in the best interests of the creditors. All *Page 106 
the other creditors, except complainant, join in asking that a receivership be denied.
As was stated in the case of Glaser v. Achtel-Stetter'sRestaurant, Inc., 106 N.J. Eq. 150:
"The appointment of a receiver is not a matter of absolute legal right, and therefore sound discretion should be exercised by the court before any such appointment is made."
It seems to me that the appointment of a receiver would be of no advantage to the creditors, since the present officers are conducting its affairs economically and with every endeavor, and with a fair prospect of success to rehabilitate it. A receivership at this time would undoubtedly result in a heavy loss to the creditors, whereas the maintenance of the present status can hardly be prejudicial to creditors and will very likely result in benefit to them.
The application for the appointment of a receiver is denied. Under the circumstances I shall allow a counsel fee of $300 to defendant's counsel.